UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUSTIN PATTIN | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5921 |
| JANTRAN INC, ET AL. | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Justin Pattin's, Motion to Compel. ECF No. 30. Defendant Jantran Inc. filed an Opposition Memorandum, and Plaintiff filed a Reply Memorandum. ECF Nos. 34, 36. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Justin Pattin filed this Jones Act suit on October 10, 2023, against Jantran, Inc. and others to recover for injuries sustained during a July 15, 2021, accident while working as a deckhand on the M/V LUCY JANOUSH. ECF No. 1 at 1–3. Plaintiff alleges injuries from a nearly 6-foot fall, which he contends resulted from Defendant's negligence and/or the vessel's unseaworthiness because the crew was shorthanded due to preferential treatment toward deckhand Antoine Triplett resulting from his inappropriate relationship with Captain Howard "Bubba" Mitchell. *Id.* at 3 ¶¶ 12, 13; ECF No. 30-14 at 2, 6.

A.   **Plaintiff's Discovery Requests**

Plaintiff's discovery requests are unclear due to mistakes in titling the documents. It appears that, on December 17, 2024, Plaintiff served a first set of discovery (erroneously titled

1

Second Set of Interrogatories). ECF No. 30-14 at 7; ECF No. 30-9 at 1. Plaintiff issued another set of discovery on January 16, 2025 (erroneously entitled First Set of Interrogatories and Request for Production) (ECF No. 30-10 at 1-13) and a third set of discovery on January 20, 2025 (erroneously entitled Second Set of Requests for Production) (*id.* at 14–15 ). ECF Nos. 34 at 4; 30-14 at 7–8.

Defendant responded to the first set of discovery on January 15, 2025, and also informed Plaintiff's counsel that he had not received a first set of interrogatories. ECF No. 34-4. That first discovery request reads, in pertinent part:

> INTERROGATORY NO. 1:
> State the phone number of each and every crewmember aboard the Lucy Janoush on the date of Plaintiffs injury, July 15, 2021.
>
> ANSWER TO INTERROGATORY NO. 1:
> Jantran objects to this interrogatory as the information sought is not relevant to the claims or defenses asserted in this litigation. In addition, the information sought by this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the information sought by this interrogatory may infringe on the privacy rights of non-parties. Subject thereto, to the extent that the plaintiff desires to depose crewmembers of the LUCY JANOUSH that were aboard the vessel at the time of the subject incident, arrangements for those depositions may be coordinated through undersigned counsel.

ECF No. 30-9. Defendant indicates confusion by the variously titled requests and asserts that it overlooked the January 16, 2025 set, which was brought to his attention at the Rule 37.1 conference on March 24, 2025. ECF No. 34 at 4. Counsel has requested responsive information from Defendant, which he anticipates being produced before the submission date. *Id.*

B.  **The Motion to Compel**

Plaintiff now asks that the Court order Defendant to (1) provide answers and responses to Plaintiff's discovery served on January 16, 2025 (ECF No. 30-10 at 1–13); (2) last known addresses, telephone numbers, and email addresses of the crewmember witnesses who no longer

2

work for Defendant Jantran, including, but not limited to, Trent Morris[1] and Antoine Triplett, as requested in the first set of discovery; and (3) the complete personnel record and/or employment files for Antoine Triplett and Howard "Bubba" Mitchell as requested in the third set of discovery. ECF No. 30.

## II. APPLICABLE LAW

### A. The Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[2] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[4] If relevance is in doubt, a court should allow discovery.[5]

---

[1] Crewmember Trent M. is sometimes referred to in the record as "Trent Morris" and other times referred to as "Trent Moore." The parties are clearly talking about the same person. For consistency, the Court will only use the spelling used in Jantran's company records: "Trent Morris." ECF No. 34 at 5.
[2] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[3] *Id.* (citations omitted).
[4] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[5] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. advisory committee notes to 2015 amendment. Thus, it bears the burden of making a specific objection and coming forward with specific information to address the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[6]

"The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." FED. R. CIV. P. advisory committee's notes to 2015 amendment. Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

## B. **Objections**

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[7] and courts have long interpreted the rules to prohibit general, boilerplate objections.[8] Boilerplate

---

[6] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).
[7] 8B C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2173 (3d ed. 2021).
[8] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (citation omitted) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how

4

objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[9] Proper objections must be specific and correspond to specific discovery requests.[10] Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[11]

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[12] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[13] Any objection must clearly state

---

the objecting party would be harmed if it were forced to respond to the request"); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each . . . [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate) (citations omitted).

[9] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co*., No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[10] *Dickey v. Apache Indus. Servs., Inc*., No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

[11] *Heller v. City of Dall.*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [, but the practice] 'manifestly confus[es] (at best) and mislead[s] (at worse)[] and has no basis at all in the Federal Rules of Civil Procedure.'" (citation omitted)).

[12] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[13] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation omitted).

how the information sought is not relevant to any claim or defense or how the request is overbroad, burdensome or oppressive.[14]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[15] Objections interposed without also indicating whether any document or information is being withheld are improper.[16] Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[17]

## III. ANALYSIS OF SPECIFIC REQUESTS

### A. First Discovery Set - Crewmembers' Phone Number

Plaintiff argues that this information is clearly relevant to this litigation and is reasonably calculated to lead to discovery of admissible evidence. ECF No. 30-14 at 8. Plaintiff further argues that Defendant does not want Plaintiff to contact certain witnesses and is attempting to interfere with the discovery process despite being in control of the requested information. *Id.* at 13–15. In their Opposition, Defendant explains that crewmembers who were present at the time of the incident, that still work for Jantran, can be contracted through defense counsel. ECF No. 34 at 5. Defendant further explains that they have requested the employment status of several crewmembers present at the time of the incident and will provide the respective contact information prior to the submission date of the instant Motion to Compel. *Id.* Additionally,

---

[14] *Chevron*, 2015 WL 269051 at *3 (citation omitted) (noting objections are boilerplate and insufficient if they merely state the legal grounds for objection without specifying how the discovery request is deficient and specifying how the objecting party would be harmed if it were forced to respond).

[15] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[16] *See Chevron*, 2015 WL 269051, at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[17] *Id.* (citation omitted) ("Objections that fail to provide an appropriate factual basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

Defendant provided the updated cell phone number of Triplett and the last known contact information of former-crewmember Trent Morris. *Id.* In Reply, Plaintiffs note that Defendant failed to provide some contact information until their Opposition. ECF No. 36 at 5.

Rule 26's Initial Disclosures require a party to provide the name and, if known, the address and telephone number of each individual likely to have discovery information. Fed. R. Civ. P. 26(a)(1)(A). Evidently concerned that Defendant would not use all crewmembers to support its defenses, Plaintiff specifically requested that information through its first discovery request. Those aboard the vessel may possess information relevant to Plaintiff's claims in this case, and therefore, fall within the scope of discovery. Indeed, courts regularly require production of that information.[18]

Further, there is no suggestion that providing crew members' phone numbers is disproportional to the needs of the case. Indeed, Defendant seemingly no longer disputes Plaintiff's entitlement to that information. Defendant indicates it will provide the information before the submission date. If Defendant has not provided a full and complete response to this request, Defendant is hereby ordered to do so. Counsel is reminded of the obligations imposed by Rule 4.2(b) of the Louisiana Rules of Professional Responsibility with regard to current employees of a represented party.

B. **Second Discovery Set - Unanswered**

Given the confusion regarding Plaintiff's discovery, Defendant is ordered to provide written responses to Plaintiff's Interrogatories and Requests for Production.

---

[18] *See, e.g., Moore v. Smith*, No. 17-5219, 2021 WL 10373172, at *2 (E.D. La. July 6, 2021) (striking former or current employee witnesses when employer failed to provide contact information until after close of discovery); *Couvi's Drink Box, Inc. v. Philip Morris USA*, No. 94-454, 1996 WL 277959, at *1 (E.D. La. May 22, 1996) (affirming sanctions for failure to provide last known contact information).

C. **Third Discovery Set - Complete Personnel/Employment Files of Triplett and Mitchell**

This discovery exchange reads:

**REQUEST FOR PRODUCTION NO. 1:** The complete personnel record and/or employment file for Antoine Triplett.

**RESPONSE:** Jantran objects to this request for production as the documents sought are not relevant to the claims or defenses asserted in this litigation and outside the scope of discovery authorized by 26(b)(1). Plaintiff's request engages in an impermissible fishing expedition to support a dubious theory of the case which has no factual basis in the record. The request is further objectionable as it is meant to harass and embarrass non-parties. In addition, the documents sought by this request infringe on the privacy rights of non-parties as the documents requested contain confidential, personal, financial, and medical information. . . .

**REQUEST FOR PRODUCTION NO. 1 [sic]:** The complete personnel record and/or employment file for Howard "Bubba" Mitchell.

**RESPONSE:** Jantran objects to this request for production as the documents sought are not relevant to the claims or defenses asserted in this litigation and outside the scope of discovery authorized by 26(b)(1). Plaintiff's request engages in an impermissible fishing expedition to support a dubious theory of the case which has no factual basis in the record. The request is further objectionable as it is meant to harass and embarrass non-parties. In addition, the documents sought by this request infringe on the privacy rights of non-parties as the documents requested contain confidential, personal, financial, and medical information. . . .

ECF No. 30-11 at 3–4.

Plaintiff argues that the requested records are discoverable because they may shed light on the purported relationship between Triplett and Mitchell through complaints issued as to special treatment and/ or work arrangements. ECF No. 30-14 at 15. Defendant asserts that the accusations of an inappropriate relationship are uncorroborated, and that Mitchell has previously denied as much in a recent deposition in another matter. ECF No. 34 at 7. Defendant further argues that Plaintiff can instead take depositions to gather information on the alleged intimate relationship. *Id.* at 7–8. In Reply, Plaintiffs present additional evidence allegedly suggesting an intimate relationship between Triplett and Mitchell and notes that the reports are not privileged and may have relevant information including complaints and disciplinary actions. ECF No. 36 at 4–5.

With respect to the discoverability of personnel files, the law affords a specific discovery test offering extra protections.[19] A court resolving disputes regarding personnel files is required to balance the competing interests of discovery and privacy in a considered manner, with regard for the breadth of the federal discovery rules in civil actions between private parties.[20] Because personnel files of non-party employees present "special concerns" about the privacy rights of the individuals involved, privacy interests are not to be weighed lightly in this equation.[21] "As such, courts permit the disclosure of personnel records only when the personnel files contain material highly relevant to the theory of the case at hand and are *requested with particularity* because the information in personnel records invariably contains a significant privacy interest."[22]

Plaintiff's blanket request for full personnel files request exceeds the boundaries of discovery.[23] The requested "complete personnel record and/or employment files" likely contain confidential and irrelevant information of two non-parties, raising significant privacy concerns. Personnel files may contain tax records, drug tests results, and other such personal, sensitive material.[24] Plaintiff has failed to demonstrate how that type of information would have any bearing on the issues in this case. Plaintiff argues entitlement to the personnel files as they may contain information supporting Plaintiff's theory that an intimate relationship existed between Triplett and

---

[19] *Dufrene v. Am. Tugs, Inc.*, No. CV 18-554, 2018 WL 6448838, at *9 (E.D. La. Dec. 10, 2018) (. . . . personnel files have a specific discovery test in the Fifth Circuit for a reason: They are special").
[20] *Matter of Complaint of Gulf Inland Contractors, Inc.*, No. CV 22-2453, 2023 WL 11884364, at *3 (E.D. La. Sept. 25, 2023) (citing *George v. Entergy Servs., Inc.*, No. 09-3676, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010)).
[21] *Id.*
[22] *Id.* (citing *Dufrene*, 2018 WL 6448838, at *9) (emphasis added).
[23] *Hamm v. Acadia Healthcare Co.*, No. CV 20-1515, 2023 WL 8237270, at *7 (E.D. La. Nov. 28, 2023) (finding that Plaintiff's request for the complete personnel file of each and every supervisory employee "far exceeds the ultimate and necessary boundaries of discovery"); *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. CV 07-01201, 2008 WL 11350298, at *8 (E.D. La. June 19, 2008) ("In seeking the contents of [employee] employment file, the Court notes that [defendant] attempts to engage in a fishing expedition").
[24] *Dufrene*, 2018 WL 6448838, at *9 ("The privacy concerns implicated by a personnel file are distinct from those presented by a custodial file, because they are far more likely to contain personal, sensitive material") (citing *Williams v. Roy O. Martin Lumber Co. L.L.C.*, 51 Fed. Appx. 483, 2002 WL 31319337, at *6 (5th Cir. 2002) (noting that "alimony and child support garnishment, tax records, and drug test results" may be found in a personnel file)).

Mitchell, ultimately causing his injuries. Although Plaintiff is entitled to explore his theory, that does not entitle Plaintiff to obtain a full and complete copy of these non-parties' personnel files. Further, Plaintiff has not identified with particularity any information nor does he limit his request to documents that reflect a more than professional relationship between Mitchell and Triplett.

Accordingly, Defendant's objection is sustained in part and Plaintiff's motion is granted in part. Defendant must produce any documents from Mitchell or Triplett's personnel or employment file that that discuss or reflect more than professional relationship between them.

### D. Award of Expenses

Plaintiff seeks an award of expenses, including attorney's fees, incurred in filing the instant Motion to Compel. ECF No. 30-14 at 16. Defendant argues that an award of attorney's fees is not justified. ECF No. 34 at 9. Pursuant to Rule 37(a)(5)(C), in a situation where a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

Because Plaintiff has failed to comply with the undersigned's Rule 37 certification requirement by providing detailed information regarding the meet and confer, it is unclear whether good faith efforts to resolve this dispute have occurred. And given the numerous errors in the titles and numbering of Plaintiff's discovery and Defendant's stated confusion, it appears that the delay in responding to the January 16, 2025, requests is the result of mistake rather than purposeful noncompliance. As to those portions of the Motion to Compel granted herein, Defendant has agreed to serve responses in a reasonable period of time. Accordingly, the Court declines to award either side fees and costs incurred in connection with these motions.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendant provide supplemental responses as directed herein within fourteen (14) days of this Order.

New Orleans, Louisiana, this __22nd__ day of April, 2025.

*[Signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE